UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VINCENT FREEMAN, II,

                              Plaintiff,

        v.

FIELD SERVICE AGENTS, *et al.*,

                              Defendants.

Case No. 3:18-cv-00192-MMD-WGC

ORDER

## I.    SUMMARY

Plaintiff Vincent Freeman, II, who is incarcerated at Ely State Prison ("ESP"), brings this action under 42 U.S.C. § 1983. (ECF No. 14.) On December 22, 2020, Defendants Armando Lozano-Carrera and Milton Hsieh filed a motion for summary judgment.[1] (ECF No. 45 ("Motion").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 48), recommending the Court deny Defendants' Motion. Defendants filed an objection to the R&R. (ECF No. 49 ("Objection").) Because the Court agrees with Judge Cobb that Plaintiff exhausted his administrative remedies, the Court will overrule the Objection and adopt the R&R in full.

## II.    BACKGROUND

The following facts are undisputed unless otherwise noted.

### A.    The Incident and the Grievance Process

Plaintiff alleges that while he was a pretrial detainee at the Clark County Detention Center ("CCDC"), two officers, Lozano-Carrera and Hsieh, attacked him as he began to sit down in a courtroom holding cell. (ECF No. 14.) The same day that incident occurred, August 5, 2016, Plaintiff filed a grievance against Lozano-Carrera and Hsieh. (ECF No.

---

[1]Plaintiff responded (ECF No. 46) and Defendants replied (ECF No. 47).

45-5 at 2 ("Grievance").) In his Grievance, Plaintiff alleges that the officers instigated an unprovoked "malicious attack" which caused him significant pain and scratches on his skin. (*Id.*) Plaintiff further stated that he would be contacting LVMPD Internal Affairs and that he would like to speak with a watch commander. (*Id.*)

On August 10, 2016, Sergeant Steven Williams received and reviewed Plaintiff's grievance. (ECF No. 45-9 at 3.) Sergeant Williams requested a video copy of the incident from the courthouse and instructed Defendant Lozano-Carrera to complete a Use of Force Report. (*Id.*) The next day, August 11, 2016, Sergeant Williams received the video and reviewed it. (*Id.*) Lieutenant Kathryn Bussell also reviewed Plaintiff's grievance, written reports of the incident, and the video recording of the incident. (ECF No. 45-40 at 3.) Lieutenant Bussell then spoke with Plaintiff about the incident and determined, after her review, that Plaintiff had been the sole cause of the altercation and that there was no policy violation occurred. (*Id.* at 3-4.) Under the portion of the Grievance indicating the resolution of the complaint, Lieutenant Bussell wrote: "You and I discussed your grievance on 8-11-16. My office will be following up with the appropriate paperwork." (ECF No. 45-5 at 2.) She then signed and dated the Grievance "8-11-16 @ 1330." (*Id.*)

Plaintiff subsequently brought this civil rights action for excessive force in violation of his Fourteenth Amendment rights. (*Id.*)

### B.    Defendants' Motion and Judge Cobb's R&R

Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing suit. (ECF No. 45.) Specifically, Defendants state that the Las Vegas Metropolitan Police Department's Standard Operating Procedure 14.00.00 ("SOP 14.00.00") required Plaintiff to file "another grievance up the chain of command." (*Id.* at 22.) Plaintiff gives three reasons why he was not required to take further action after his grievance was resolved. (ECF No. 46 at 8-9.) First, he argues that the grievance process did not provide monetary damages, so the remedy he sought was not available through grieving. (*Id.* at 8.) Next, Plaintiff counters that SOP 14.00.00 only expressly requires appeals in the prisoner classification context. (ECF No. 46 at 8.)

2

1   Reasoning that SOP 14.00.00 is ambiguous or vague at best on how Plaintiff should

2   proceed if he disagreed with Lieutenant Bussell's conclusion, Plaintiff argues that any

3   further process was "effectively unavailable" and that he should be excused from its

4   requirements. (*Id.* at 9.) Finally, Plaintiff asserts he does not recall ever being made aware

5   of the Inmate Handbook which outlines the grievance process. (*Id.*)

6        Judge Cobb recommends the Court deny the Motion because Plaintiff exhausted

7   his administrative remedies. (ECF No. 48 at 11.) More specifically, Judge Cobb found that

8   SOP 14.00.00 required officers, not inmates, to forward a grievance about staff

9   misconduct up the chain of command, and that the officers' responsibility extends only

10  until the grievance is resolved. (*Id.* at 11.) Judge Cobb reasoned that Plaintiff's Grievance

11  was resolved when Lieutenant Bussell returned it to him with the resolution section

12  completed on August 11, 2016. (*Id.*) Accordingly, SOP 14.00.00 does not require Plaintiff

13  to have taken any further action on his Grievance and the Court may consider it exhausted.

14  (*Id.*)

15       Judge Cobb further found that Defendants have not provided sufficient evidence to

16  demonstrate that Plaintiff had any information outside of SOP 14.00.00 that he was

17  required to appeal his Grievance. (*Id.* at 12-13.) Although Defendants argue Plaintiff had

18  access to an Inmate Handbook, that rules were posted in Plaintiff's housing unit, and that

19  it is common practice for officers to inform inmates of the appeals requirement, Judge

20  Cobb found that Defendants provided no evidence that any of these forms of information

21  were made available to Plaintiff. (*Id.* at 14.) As a result, Judge Cobb recommends denying

22  Defendants' Motion. Defendants' objection followed. (ECF No. 49.)

23  **III.    LEGAL STANDARD**

24       This Court "may accept, reject, or modify, in whole or in part, the findings or

25  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

26  timely objects to a magistrate judge's report and recommendation, then the Court is

27  required to "make a de novo determination of those portions of the [report and

28  recommendation] to which objection is made." *Id.* The Court's review is thus de novo

3

1  because Defendants filed their Objection. (ECF No. 49.)

2  **IV.    DISCUSSION**

3          Defendants object to the R&R on two grounds. First, Defendants argue that Judge

4  Cobb erred in finding Plaintiff exhausted his administrative remedies because the

5  interpretation of the CCDC grievance procedure is inconsistent with the Court's prior

6  orders. (ECF No. 49 at 2.) Second, Defendants assert it is improper to conclude that the

7  appeals procedure was unavailable to Plaintiff based on his inability to recall appropriate

8  process. (*Id.*) The Court will address each objection in turn.

9          **A.    Administrative Exhaustion**

10         Defendants argue in their Motion that Plaintiff failed to exhaust his administrative

11  remedies because he did not appeal Lieutenant Bussell's resolution of his Grievance.

12  (ECF No. 45 at 22-23.) Plaintiff responds that nothing in SOP 14.00.00 required him to

13  appeal that determination and, accordingly, there were no further remedies available to

14  him. (ECF No. 46 at 9.) A plaintiff's failure to exhaust administrative remedies is "an

15  affirmative defense the defendant must plead and prove." *Albino v. Baca*, 747 F.3d 1162,

16  1175-76 (9th Cir. 2014). Proper exhaustion requires the plaintiff to use "all the steps the

17  agency holds out." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Judge Cobb agreed with

18  Plaintiff and found that SOP 14.00.00 places no additional burden on an inmate to appeal

19  a grievance once it is resolved.

20         In their Objection, Defendants first argue that Judge Cobb's interpretation of SOP

21  14.00.00 conflicts with this Court's interpretation of the same guidance in another case,

22  *Cervantes v. Las Vegas Metropolitan Police Department Detention Services Division, et

23  al.*, Case No. 2:17-cv-00562-MMD-DJA. (ECF No. 49 at 4-7.) The Court does not find the

24  reasoning in *Cervantes* applicable here. In *Cervantes*, the issue was whether the plaintiff

25  received a timely and appealable decision at all.[2] The plaintiff in that case filed several

26

27  _____
            [2]The Court found that he did not. *See* Case No. 2:17-cv-00562-MMD-DJA (ECF
28  No. 117 at 12-13).

grievances requesting urgent medical attention for an abscessed tooth. The Court found there that because CCDC did not timely process his grievances, the plaintiff did not receive a final resolution that he could appeal which would have resulted in any useful remedy.[3] Contrary to Defendants' argument in their Objection, the Court never interpreted SOP 14.00.00 to require that an inmate must appeal a grievance for their administrative remedies to be exhausted, nor that appealing grievances was somehow "central" to CCDC's policy. (ECF No. 49 at 5.) Instead, the Court did not reach the question of whether further appeals were necessary because the plaintiff in *Cervantes* did not receive any timely final determination from which he could appeal.

Moreover, Judge Cobb's interpretation of SOP 14.00.00 in this case does not produce a contrary result to the Court's prior ruling in *Cervantes.* Judge Cobb reasons that SOP 14.00.00 does not provide clear guidance to inmates on several aspects of the appeals process, including whether an appeal up the chain of command is the inmate's responsibility or whether it will be automatically forwarded by the officers[4] or whether any action is required at all once an inmate receives a final resolution.[5] These are questions the Court never reached in *Cervantes.* Here, Plaintiff did receive a final determination from Lieutenant Bussell, but further asserts that SOP 14.00.00 did not require him to take any further administrative action. The Court agrees with Judge Cobb—there is nothing in SOP 14.00.00 that requires an inmate to appeal a resolved grievance up the chain of command.

Insofar as Defendants argue there are other administrative guidelines that did require Plaintiff to appeal a decision made by the platoon lieutenant further up the chain of command, Defendants did not produce those documents or otherwise show that Plaintiff was actually on notice of their alleged requirements. *See Albino v. Baca*, 747 F.3d at 1175-76 (finding defendants failed to demonstrate failure to exhaust when there was no specific

---

[3]*See* Case No. 2:17-cv-00562-MMD-DJA (ECF No. 117 at 12-13).

[4](ECF No. 48 at 11-12 (citing ECF No. 45-14 at Section II(B)(6).)

[5](ECF No. 48 at 10-11 (citing ECF No. 45-14 at Section II(B)(7).)

1   evidence that inmates knew about the manual discussing the complaint process and an

2   inmate declared he was not told about the process). Viewing the evidence in the light most

3   favorable to Plaintiff, Defendants have not sufficiently shown they are entitled to summary

4   judgment on their affirmative defense that Plaintiff failed to exhaust his administrative

5   remedies. Accordingly, the Court will overrule the Objection.

6           **B.    Availability of Remedies**

7           Defendants further argue that although there was an appeals process that could

8   have afforded Plaintiff available remedies, Plaintiff declined to avail himself of those

9   remedies. (ECF No. 49 at 9.) As a result, Defendants argue, Plaintiff may not claim those

10  remedies were unavailable. (*Id.*) In his opposition to Defendants' Motion, Plaintiff stated

11  that he was satisfied with the resolution of his Grievance "from the standpoint that I had

12  been afforded an investigation of my complaints." (ECF No. 46-1 at 3.) But he also states

13  that was not made aware of the rules regarding grievance appeals, nor was he told that

14  he could appeal the resolution of his Grievance. (*Id.* at 2.) Judge Cobb relied on these

15  assertions to find that Defendants failed to carry their burden of proof that further remedies

16  were available. The Court agrees with Judge Cobb.

17          Defendants' only evidence that guidelines for a mandatory appeals process exist

18  which Plaintiff was responsible to know lies in the declaration of Sergeant Sheree Butler.

19  (ECF No. 45-15.) While Sergeant Butler attests to the existence of an Inmate Handbook,

20  that inmates have access to the Inmate Handbook, and that appeals procedures are

21  posted in each housing unit, she does not give any specific evidence that Plaintiff actually

22  knew of the Inmate Handbook or of the appeals process requirements. (*Id.* at 3.) More

23  importantly, neither Sergeant Butler's declaration nor any other proffered evidence from

24  Defendants states what that appeals process actually is.

25          While the Court agrees with Judge Cobb and Defendants that an inmate is not

26  excused from exhausting their administrative remedies merely because the grievance

27  process does not afford monetary damages (ECF No. 48 at 10), the Court finds

28  Defendants fail to demonstrate there were further available remedies that Plaintiff both

1    knew about and was required to exhaust before filing suit. Plaintiff stated that he could not

2    recall ever having access to the Inmate Handbook. Defendants fail to produce the Inmate

3    Handbook or any other evidence that outlines the appeals process. Moreover, Defendants

4    fail to otherwise provide evidence that Plaintiff specifically was informed of the appeals

5    process. Sergeant Butler's declaration is not enough to prove there were available

6    remedies Plaintiff knew about but did not avail himself of. Accordingly, the Court will

7    overrule the Objection.

8    **V.    CONCLUSION**

9        The Court notes that the parties made several arguments and cited to several cases

10   not discussed above. The Court has reviewed these arguments and cases and determines

11   that they do not warrant discussion as they do not affect the outcome of the issues before

12   the Court.

13       It is therefore ordered that Defendant's objection (ECF No. 49) to the Report and

14   Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and

15   Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 48) is adopted in

16   its entirety.

17       It is further ordered that Defendants' motion for summary judgment (ECF No. 45)

18   is denied.

19       DATED THIS 29th Day of June 2021.

20

21

22   _____
     MIRANDA M. DU
23   CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28

7